NOT FOR PUBLICATION                              [Docket No. 36]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

## CAMDEN VICINAGE

```
_____
                                    :
BINDER MACHINERY COMPANY,           :
                                    :  Civil Action No. 09-6379
              Plaintiff,            :  (RMB/KMW)
                                    :
          v.                        :  MEMORANDUM ORDER
                                    :
SQUARE D COMPANY,                   :
                                    :
              Defendant.            :
_____:
```

Appearances:

Jordan S. Tafflin, Esquire
Robert M. Cavalier, Esquire
Lucas & Cavalier LLC
126 White Horse Pike, Third Floor
Haddon Heights, New Jersey 08035
     Attorneys for Plaintiff

Stephen M. Capriotti, Esquire
W. Matthew Reber, Esquire
Kelley Jasons McGowan Spinelli & Hanna
50 South 16th Street
Two Liberty Plaza, Suite 1900
Philadelphia, Pennsylvania 19102
     Attorneys for Defendant

**BUMB**, United States District Judge:

     Plaintiff Binder Machinery Company ("Plaintiff") brought

this action against Defendant Square D Company ("Defendant"),

alleging that it sustained property damage as a result of a fire

that occurred on January 22, 2007.  Plaintiff alleges that

1

Defendant's transformer caused the fire.  Defendant denies the allegations and has moved for summary judgment on all claims. [Docket No. 36.]  Defendant asserts several arguments.  First, Defendant contends that Plaintiff has failed to prove its strict product liability claim (Count 2) because its experts' opinions contain bare conclusions, unsupported by factual evidence, which are inadmissible under Federal Rule of Civil Procedure 702 and Daubert v. Merrill Dow Pharmaceutical, Inc., 509 U.S. 579 (1993). Defendant further argues that Plaintiff's claims asserting negligence (Count 1) and "malfunction theory" (Count 3) are not viable causes of action.  Finally, Defendant contends that Plaintiff has failed to provide any admissible evidence to substantiate its claimed damages.

Plaintiff responds that (1) its experts' opinions are admissible, (2) its malfunction theory claim is not subsumed by its product liability claim, and (3) that it has produced substantial evidence to support its claimed damages.

**LEGAL STANDARD**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).[1]  A fact is "material" if it will "affect the outcome

---

[1] Pursuant to amendments to the Federal Rules of Civil Procedure in December 2010, the oft-cited summary judgment standard is now located in Rule 56(a) rather than 56(c).  Although the wording of the standard has changed slightly, replacing the word "issue"

of the suit under the governing law . . . ."  Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is "genuine" if
it could lead a "reasonable jury [to] return a verdict for the
nonmoving party."  Id. at 248.

     When deciding the existence of a genuine dispute of material
fact, a court's role is not to weigh the evidence: all reasonable
"inferences, doubts, and issues of credibility should be resolved
against the moving party."  Meyer v. Riegel Products Corp., 720
F.2d 303, 307 n.2 (3d Cir. 1983).  However, a mere "scintilla of
evidence," without more, will not give rise to a genuine dispute
for trial.  Anderson, 477 U.S. at 252.  In the face of such
evidence, summary judgment is still appropriate "where the record
. . . could not lead a rational trier of fact to find for the
non-moving party . . . ."  Matsushita Elec. Industrial Co. v.
Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "Summary judgment
motions thus require judges to 'assess how one-sided evidence is,
or what a 'fair-minded' jury could 'reasonably' decide.'"
Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d
Cir. 1989) (quoting Anderson, 477 U.S. at 265).

     The movant "always bears the initial responsibility of
informing the district court of the basis for its motion, and
identifying those portions of 'the pleadings, depositions,

---

with "dispute", this change does not affect the substantive
standard or the applicability of prior decisions construing the
standard.  Fed. R. Civ. P. 56(a) advisory committee's note.

answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" Anderson, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). The non-movant's burden is rigorous: it "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995).

## ANALYSIS

As an initial matter, the Court notes that it does not appear that Defendant disputes Plaintiff's briefed argument that Count 3 (malfunction theory) is a viable claim. Accordingly, the Court assumes Defendant has conceded this issue, and summary judgment will be denied on that claim. As for Count 1 (negligence), Plaintiff has not disputed Defendant's argument that a negligence claim is not cognizable. It appears Plaintiff has conceded this claim, and the Court therefore grants summary judgment on it.[2]

_____

[2] If the Court has misconstrued the parties' positions, the parties may inform the Court at the Daubert hearing. See infra.

4

What remains then are Defendant's objections to Count 2 (strict product liability), specifically with respect to the admission of Plaintiff's experts and calculation of damages. Because the resolution of this motion requires a <u>Daubert</u> hearing to determine the admissibility of expert testimony, the Court will deny it without prejudice and permit Defendant the opportunity to renew such motion prior to trial, at which time the Court will conduct a hearing. <u>See Daubert</u>, 509 U.S. at 589 (recognizing district court's role as gatekeeper to ensure that all expert testimony and evidence is relevant and reliable); <u>Martin v. Blaser Swisslube, Inc.</u>, Civ. No. 03-6116, 2005 WL 3454291, *7 (D.N.J. Dec. 16, 2005) ("A motion for summary judgment should be denied without prejudice pending the outcome of a <u>Daubert</u> hearing, when disposition of the motion depends on a determination of the admissibility of expert testimony.").

As to the issue of damages, the Court construes all facts and reasonable inferences in favor of Plaintiff and finds that a genuine dispute of material fact precludes summary judgment.

**ORDER**

ACCORDINGLY, IT IS ON THIS **25th** day of **April 2012**, hereby **ORDERED** that Defendant's motion is **granted** as to Count 1 and **denied without prejudice** as to Counts 2 and 3.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge